**PITSHIP DUCK CLUB, a Washington corporation, Plaintiff,**

v.

**The TOWN OF SEQUIM, a municipal corporation, Defendant.**

**No. 7820.**

United States District Court,
W. D. Washington, N. D.

March 16, 1970.

---

1. *See, e. g.,* White v. Yup, 458 P.2d 617 (Nev.1960); and Cal.Civ.Code, § 5112.

**310**

Peter V. Gulick, Ashley, Foster, Pepper & Riviera, Seattle, Wash., for plaintiff.

Richard J. Niichel, Wilson, Platt & Niichel, Port Angeles, Wash., for defendant.

## OPINION

SOLOMON, Chief Judge.

Pitship Duck Club (Club) brought this action against the Town of Sequim (Town) to enjoin the maintenance of a dike constructed by the Town, or, in the alternative, to recover damages caused by the dike.

The Club owns property on a spit of land. The waters of the Strait of Juan de Fuca (Strait) lie on one side of the Club's property, and the waters of a lagoon lie on the other. The Club uses its property for duck hunting. In the past, the members reached the property by anchoring large boats in the Strait and by using small rowboats to enter the lagoon. Now, the dike prevents small boats from entering the lagoon.

The Club asserts that the Town, when it constructed the dike, did not obtain proper permission from the Army Corps of Engineers, in violation of 33 U.S.C. § 401. Section 401 forbids the construction of barriers across navigable waters of the United States without permission of the Army Corps of Engineers. The Club also asserts that the amount in controversy exceeds the sum of $10,000.

The Club contends that this Court has jurisdiction under 33 U.S.C. § 401 and 28 U.S.C. § 1331, which gives this Court jurisdiction over "all civil actions wherein the matter in controversy exceeds the sum or value of $10,000 * * * and arises under the * * * laws * * * of the United States." The Club also contends that this Court has general admiralty and maritime jurisdiction under 28 U.S.C. § 1333.

Both parties agree that this Court has jurisdiction only if the lagoon is a navigable waterway. The Club asserts that the lagoon is navigable. The Town asserts that it is not.

At the close of the trial, I announced my findings of fact, which I now summarize:

At times during most days of the year, small boats can enter the lagoon from the Strait and navigate to the Club's property. Most of the time during each day, however, small boats cannot enter the lagoon.

There never has been, nor could there have been, commercial traffic passing over the waters of the lagoon. It is mechanically possible, but economically unfeasible, for the Club to deepen the lagoon to permit larger boats in commercial traffic to enter it. The cost of developing the lagoon for such use would be at least $150,000, and there would be no demand for the developed property for 20 to 25 years.

I find that the lagoon is not a navigable waterway.

A waterway is navigable only if it is suitable for use as a highway for commerce. George v. Beavark, Inc., 402 F.2d 977 (8th Cir. 1968). A waterway meets this requirement if "(1) it *presently* is being used or is suitable for use, or (2) it has been used or was suitable for use in the *past*, or (3) it could be made suitable for use in the *future* by reasonable improvements." Rochester Gas & Electric Corp. v. F.P.C., 344 F.2d 594, 596 (2d Cir. 1965). A waterway cannot be made suitable for use by "reasonable improvements" unless it is economically practicable to make the improvements. *Id.*

Here, the lagoon is and has been suitable only for use as a route of access to duck hunting property. This does not satisfy the requirement that a waterway, to be navigable, must be suitable for use as a highway for commerce. *Cf.* George v. Beavark, Inc., *supra.*

There is no merit to the Club's contention that all waterways within the ebb and flow of the tide are navigable waterways as defined by federal law. "[T]he ebb and flow of the tide do not constitute * * * any test at all of

the navigability of waters." The Daniel Ball, 77 U.S. (10 Wall.) 557, 563, 19 L. Ed. 999, 1001 (1870).

The lagoon is not a navigable waterway. The action is dismissed for lack of jurisdiction.

This opinion shall constitute findings of fact and conclusions of law in accordance with Rule 52(a) Federal Rules of Civil Procedure.